IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Brendan G. Elliott (#72713), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 16 C 50183 |
| v. | ) | |
| | ) | Judge Frederick J. Kapala |
| Sheriff Rodger Scott, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at Plaintiff's place of incarceration to deduct $6.00 from Plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. The Clerk of Court shall send a copy of this order to the trust fund officer at the DeKalb County Jail. However, summonses shall not issue at this time. The Court grants Plaintiff's motion for attorney representation [4]. Attorney Clarence John Ruddy, Jr., Ruddy, King & Petersen Law Group, LLC, 2631 Ginger Woods Parkway, Suite 101, Aurora, IL 60502, (630) 820-0333, jruddy@ruddyking.com, is recruited to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. By July 29, 2016, counsel shall enter an appearance for Plaintiff. By August 29, 2016, counsel should either file an amended complaint or advise the Court that he cannot do so. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. The Clerk is directed to send a copy of this order to Plaintiff and attorney Ruddy.

## STATEMENT

Plaintiff Brendan G. Elliott, an inmate at the DeKalb County Jail, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff complains about the manner in which he is being treated at the DeKalb County Jail. Currently before the Court are Plaintiff's application to proceed *in forma pauperis*, his complaint for initial review under 28 U.S.C. § 1915A, and his motion for attorney representation.

Plaintiff's application for leave to proceed *in forma pauperis* demonstrates he cannot prepay the filing fee and is thus granted. Pursuant to 28 U.S.C. § 1915(b)(1), (2), the Court orders: (1) Plaintiff to immediately pay (and the facility having custody of him to automatically remit) $6.00 to the Clerk of Court for payment of the initial partial filing fee and (2) Plaintiff to pay (and the facility having custody of him to automatically remit) to the Clerk of Court twenty percent of the money he receives for each calendar month during which he receives $10.00 or more, until the $350 filing fee is paid in full. The Court directs the Clerk of Court to ensure that a copy of this order is mailed to each facility where Plaintiff is housed until the filing fee has

been paid in full. All payments shall be sent to the Clerk of Court, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this case.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen *pro se* prisoners' complaints and dismiss the complaint, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims in the same manner as ordinary Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

The complaint sets forth a series of numbered paragraphs in which Plaintiff complains of the following: (1) that his medication is handed out by correctional officers that have no medical training; (2) that he has been housed in a "holding cell" for the past year with no desk and no chair and that he is kept isolated; (3) that he has been denied testing for HIV/AIDS; (4) that he has not been permitted to speak to a psychiatrist; (5) that officers "always" open his legal mail; (6) that he is only allowed to clean his cell "every couple weeks"; (7) that on, July 25, 2015, the water in his cell was turned off by Sgt. Haberkamp; (8) that he is not permitted to have water in the recreation room; (9) that from March 14 to April 24, 2016, he was not allowed out of his cell, except to use the shower every few days and sometimes the law library; (10) he has been forced to sleep on the floor at least five different times; (11) that, at times during March, April, and May 2015, he was housed by himself in areas with no sink or toilet; (12) that inmates who have attempted to escape from the jail or "catch multiple criminal charges" are treated more favorably than those have not done so; (13) that his visitation privileges have been limited while other inmates' visitation privileges have not; (14) that in March 2016, he was tasered and placed in a restraint chair for two days; (15) there are only nurses at the jail (not doctors); and (16) that

he filled out a FOIA form requesting copies of his mail log, but the jail refuses to give him copies.

Plaintiff may not proceed upon the complaint on file, as it is deficient in a number of respects.

First, the cover page of the complaint lists four Defendants (Sheriff Rodger Scott, Chief Joyce Klein, Lt. Caroline Parnow, and Sgt. Krista Haberkamp), but only Sgt. Krista Haberkamp is mentioned (once) in the body of the complaint. A plaintiff "cannot state a claim against a defendant [merely] by including the defendant's name in the caption" of the complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974); *Black v. Lane*, 22 F.3d 1395, 1401 & n.8 (7th Cir. 1994) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Additionally, and relatedly, section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). It is unclear from Plaintiff's pleading -- which consists of a series of numbered paragraphs setting forth various poor living conditions and particular situations where his constitutional rights were allegedly violated -- how or on what basis he is attempting to hold Defendants liable in this action.

Turning to the particular allegations in the complaint, Plaintiff may be able to state a claim with respect to at least some of them. For instance, Plaintiff complains of a number of poor living conditions, and that he has not been provided with proper medical/psychiatric care. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (pretrial detainees may not be subjected to conditions that amount to punishment); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (jail officials may not act with deliberate indifference to a pretrial detainee's serious medical needs). Further, his allegation that he was tasered and placed in a restraint chair for two days suggests he has a tenable excessive force claim. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473-75 (2015) (explaining that force employed against pretrial detainee must be objectively reasonable). Similarly, Plaintiff's allegations that he was placed in some form of segregation for what appear to be protracted period(s) of time may state a due process claim. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (there is no liberty interest per se in avoiding segregation, but there is a liberty interest in avoiding a deprivation that "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). His allegations that the jail is interfering with his legal mail may state a claim under the First Amendment. *See Zimmerman v. Tribble*, 226 F.3d 568, 572-73 (7th Cir. 2000) (systemic pattern and practice of delaying or tampering with inmate mail could implicate the First Amendment). And, Plaintiff may also be able to state a tenable equal protection claim insofar as his allegations suggest he may have been treated differently than similarly situated inmates with respect to his visitation privileges.

However, his complaint contains relatively little relevant factual information related to any of the aforementioned potential claims, and a number of his allegations appear to be duplicative or at least overlap. Additionally, the Court notes that, depending on the particular claim(s) Plaintiff is attempting to raise in this action, misjoinder may be an issue. As discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees — for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

507 F.3d at 607.

Given the nature and extent of the deficiencies set forth above (as well as the fact that the complaint suggests that Plaintiff may be able to state a number of plausible claims), the Court finds that the recruitment of counsel for Plaintiff is warranted. Accordingly, the Court grants Plaintiff's motion for attorney representation [4] and recruits Attorney Clarence John Ruddy, Jr., Ruddy, King & Petersen Law Group, LLC, 2631 Ginger Woods Parkway, Suite 101, Aurora, IL 60502, (630) 820-0333, jruddy@ruddyking.com to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rules 83.11(g) and 83.37. By the above-referenced dates, counsel shall enter an appearance for Plaintiff and either file an amended complaint or advise the Court that he cannot do so. If counsel believes that filing an amended complaint would be inconsistent with his Rule 11 obligations, he should so inform the Court. The Clerk is directed to send a copy of this order to Plaintiff and attorney Ruddy.

Date:  July 15, 2016